92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Allen HOKE, Plaintiff-Appellant,
v.
Fife SYMINGTON, Governor of the State of Arizona; Grant
Woods, Attorney General; Samuel A. Lewis,
Director, Defendants-Appellees.
 No. 95-16125.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge; SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 Robert Allen Hoke, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1985(3) action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 2
 We review the district court's dismissal before service of process for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995). The district court may dismiss an in forma pauperis complaint as frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 3
 In his complaint, Hoke alleged that defendants conspired to violate the constitutional rights of Arizona state prisoners. Section 1985(3) applies only where there is some racial or other class-based discriminatory animus behind the actions of the conspirators. Griffin v. Breckenridge, 403 U.S. 88 (1971). To state a claim under section 1985(3) for a non-race-based class, "we require 'either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection.' " Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992) (quoting Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985) (per curiam)).
 
 
 4
 Because prisoners have not been so classified by either the courts or Congress, we conclude that Hoke's allegations did not have an arguable basis in law or fact. See Neitzke, 490 U.S. at 325; see also Sever, 978 F.2d at 1538 (holding that individuals who wish to petition the government are not a protected class under section 1985(3)); Schultz, 759 F.2d at 718 (holding that state representatives are not a protected class under section 1985(3)).[1]
 
 
 5
 Accordingly, we conclude that the district court did not abuse its discretion by dismissing Hoke's complaint. See Neitzke, 490 U.S. at 325; Denton, 504 U.S. at 33.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds these cases suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Hoke's requests for oral argument are denied
 
 
 [1]
 Similarly, to the extent Hoke's complaint could be construed to allege a 42 U.S.C. § 1981 claim based upon defendants' interference with his right to contract, this claim does not have an arguable basis in law or fact because Hoke did not allege race-based discrimination. See Patterson v. McLean Credit Union, 491 U.S. 164, 174 (1989)
 
 
 [2]
 Because of our disposition of these appeals, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal